IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEBORAH ELLIS, et al.                                                         PLAINTIFFS

v.                                                              CIVIL ACTION NO.: 4:07CV81-SA

MISSISSIPPI DEPARTMENT OF HEALTH, et al.                                      DEFENDANTS

## ORDER ON MOTION FOR RECONSIDERATION

Comes now before this Court, Plaintiff's Motion for Reconsideration [18].[1] After reviewing the motions, responses, rules, and authorities, the Court makes the following findings:

*Factual Background*

The Court issued an opinion and order granting the Defendants' Motion to Dismiss [16]. Specifically, this Court held that the Mississippi Department of Health ("MDH") is not subject to suit under 42 U.S.C. § 1983 as an arm of the state, the MDH employees in their official capacities were entitled to that same defense, and those employees in their individual capacities were entitled to qualified immunity. Therefore, this Court dismissed the Plaintiffs' claims.

The Plaintiffs have filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Particularly, Plaintiffs' seek to have this Court revisit whether the MDH employees are entitled to qualified immunity in their individual capacities.

*Reconsideration Standard*

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration in those

---

[1] The docket also notes that Plaintiffs filed a second Motion for Reconsideration [27]. However, after reviewing that document, it is clear to this Court that Plaintiffs were not requesting an additional reconsideration but misfiled their Rebuttal Memorandum as a motion for reconsideration. Therefore, this "motion" is moot.

words. Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). However, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to alter or amend pursuant to Rule 59(e), or a motion for relief from judgment pursuant to Rule 60(b). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). Specifically, if the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Because the current motion was filed within ten days of the judgment, the Court will consider it under Rule 59(e). See, e.g., Neely v. Regions Bank, Inc., 2007 U.S. Dist. LEXIS 11775, 2007 WL 571111 (N.D. Miss. Feb. 20, 2007).

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). The motion to amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003).

*Application and Analysis*

Turning to the instant case, Plaintiffs assert that this Court's holding that the Plaintiffs had no reasonable expectation of privacy because day care facilities are a pervasively regulated industry

2

is contrary to the history and meaning of the Fourth Amendment. Moreover, Plaintiffs argue that New York v. Burger, 482 U.S. 691, 107 S. Ct. 2636, 96 L. Ed. 2d 601 (1987), and its progeny were wrongly decided by the United States Supreme Court. Alternatively, the Plaintiffs argue that the MDH inspection program does not provide a constitutionally adequate substitute for a warrant and is unconstitutional under the Fourth Amendment.

In a forty-five page brief, the Plaintiffs outline the history of this country's concern with protecting citizens' property from interference by the government. Citing the Magna Carta, Adam Smith, Alexis de Tocqueville, and Sherlock Holmes, Plaintiffs argue that the United States Supreme Court's interpretation of the Fourth Amendment is not in line with the intentions of our Constitutional forefathers.

This Court is bound to follow prior case law established by the Fifth Circuit and the United States Supreme Court. See Loumar, Inc. v. Smith, 698 F.2d 759, 762 (5th Cir. 1983). Thus, this Court will not challenge those rulings consistently handed down by its' appellate courts. Plaintiffs readily admit that these arguments were made in their original opposition to the Defendants' Motion to Dismiss.

In the memorandum opinion on May 8, 2008, this Court laid out the standard for establishing qualified immunity:

> A public official performing a discretionary function enjoys qualified immunity in a civil action for damages, provided his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

After an extensive analysis of the Fourth Amendment and United States Supreme Court

precedent, this Court determined that due to the extensive regulations promulgated by the State and the necessity of open access granted to parents of children enrolled in a daycare, child care business owners have a lower subjective expectation of privacy because that industry is pervasively regulated. See United States v. Blocker, 104 F.3d 720, 728 (5th Cir. 1997). Child care business owners are aware at the time of their licensure that they are subject to search at any time and must freely permit parents of those children cared for in their facility open access at all times to the facility. Thus, the three searches performed by MDH were not clearly established constitutional violations of the Fourth Amendment, and the individuals were entitled to qualified immunity.

As the Plaintiffs have not presented an intervening change in controlling law; the availability of new evidence not previously available; or the need to correct a clear error of law or prevent manifest injustice as to this point of law, the Motion for Reconsideration is denied.

Plaintiffs also attached to their Motion for Reconsideration several affidavits alleging that the search decisions were based on false information. Plaintiffs allege that the individual defendants are not entitled to qualified immunity because it was not objectively reasonable to knowingly base a search decision on false information. These allegations were not presented to the district court in the briefing on the Motion to Dismiss. However, the Court notes that the information could have been presented to the Court prior to dismissal. Plaintiffs have failed to show that this evidence was previously unavailable and thus, cause for this Court to reconsider its' prior ruling. Defendants have filed a Motion to Strike [26] these affidavits because they were not presented to the Court for consideration on the motion to dismiss. Because Plaintiffs had knowledge and the ability to bring forth these facts and chose not to assert them prior to the dismissal, these affidavits are hereby struck. Defendants Motion to Strike [26] is granted.

4

Regardless of Plaintiffs failure to bring this information to the Court's attention, qualified immunity would still be available to the individual defendants because Plaintiffs have failed to show that they violated a clearly established constitutional right. In its memorandum opinion, this Court noted the step-by-step analysis for qualified immunity:

> Although qualified immunity is an affirmative defense, *see* Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980), once the defendant pleads qualified immunity, the burden shifts to the plaintiff to show that the right allegedly violated was clearly established at the time of the challenged conduct. See Pierce v. Smith, 117 F.3d 866, 871 (5th Cir. 1997) (where § 1983 defendant pleads qualified immunity and shows he is a government official whose position involves the exercise of discretion, plaintiff has the burden to rebut qualified immunity defense by establishing the violation of clearly established law).

Thus, because Plaintiffs have failed to show that the right allegedly violated was clearly established at the time of the searches, the Court does not have to reach the "objectively reasonable" analysis.

Plaintiffs also argue that if the Court affirms its prior finding that there was no clearly established constitutional right violated in this case, this Court should deem the statutory scheme of MDH regulatory inspections unconstitutional as an inadequate substitute for a warrant.

This Court, in its memorandum opinion, specifically held that MDH's regulations were a constitutionally adequate substitute for a warrant. In particular, the Court noted that upon applying for and receiving a state-issued license, the statute provides notice to the licensee that regular and unannounced inspections will occur. Moreover, the statutes provide notice of how to comply with the regulations. Therefore, inspectors are sufficiently limited in the scope of their searches to those violations of the enumerated regulations.

As Plaintiffs have failed to bring forth any intervening change in controlling law; the

availability of new evidence not previously available; or the need to correct a clear error of law or prevent manifest injustice, the Motion for Reconsideration is denied.

SO ORDERED, this the 5th day of February, 2009.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**